By the Court,

Nelson, Ch. J.
As the plaintiff was not to be paid for his services in money, but in goods, I am strongly inclined to think that, had the proper objection been taken at the hearing, this action could not have been *604 sustained upon the common count for work and labor. A different opinion was intimated by Cowen, J. in Clark v. Fairchild, (22 Wend. 582;) but he could find no authorities to that effect either in England or this state. On the contrary, as it seems to me, they are full and decisive to the point that the remedy in cases of this nature is by a special count upon the contract. (1 Chit. Pl. 347, ed. of 1840, and the cases there cited; Cowen's Treat. 635, 636, 2d ed.; Champlin v. Butler, 18 John. Rep. 169; Robertson v. Lynch, id. 451; Wheeler v. Curtis, 11 Wend. 664, 665, and the cases there cited; Ladue v. Seymour, 24 Wend. 60, 63; Saund. Pl. and Ev. 534.)
But the objection taken at the hearing was too general to enable the defendant now to avail himself of the point. It should have specified the ground. We have repeatedly so held both in respect to a case and bill of exceptions. The counsel simply objected that the proof did not sustain the declaration, and that upon the testimony the plaintiff was not entitled to recover. Whether the objection was directed to a variance between the proof and declaration, or to the point that the counts were not adapted to the cause of action, or that none had been established, is left to conjecture. The ground should have been specifically stated, in order that the referees and opposite counsel might understand the precise question intended to be raised. The former would thus have been enabled to decide it intelligently, and the latter to meet it by further proof if deemed necessary or expedient. I think the motion to set aside the report should be denied.
Motion denied.